| | |
|---|---|
| WEISBERG LAW<br>Matthew B. Weisberg, Attorney ID No. 01565-2000<br>7 South Morton Ave.<br>Morton, PA 19070<br>610-690-0801<br>Fax: 610-690-0880<br>**Attorney for Plaintiff** | Schafkopf Law, LLC<br>Gary Schafkopf, Attorney ID No. 01224-2000<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-238-1334<br>**Attorney for Plaintiff** |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONNIE MORTON**<br>1826 N. 28th Street<br>Philadelphia, PA 19121<br><br>Plaintiff,<br><br>vs.<br><br>**MARK J. MOLZ, ESQ**<br>1400 Rout 38 East,<br>Hainesport, NJ, 08036<br><br>and<br><br>**LAW OFFICES OF MARK J. MOLZ PC**<br>1400 Route 38<br>Hainesport, NJ 08036<br><br>and<br><br>**JOHN DOES 1-10**<br><br>Defendants. | DOCKET NO:<br><br>JURY TRIAL OF TWELVE DEMANDED<br><br><br><br><br>**CIVIL ACTION COMPLAINT** |

### PARTIES AND VENUE

1. Plaintiff, Ronnie Morton is an adult individual residing at the address set forth above.

2. Defendant Mark J. Molz, Esquire, is an attorney licensed to practice in New Jersey, and at all times relevant hereto was a shareholder and/or principal of Defendant, Law Office of Mark J. Molz, PC with an address set forth above.

3. Defendant John Does are additional actors and/or coconspirators of named defendants,

including but not limited to, directors, officers, and employees of Law Office of Mark J. Molz PC., its affiliates, parent or subsidiary corporations or of other legal entities, and third party agents of and/or principals of named defendants. With respect to all allegations in this Complaint, one or more John Doe defendants knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants pursuant to a common design with them, and/or gave substantial assistance or encouragement to other defendant in carrying out all alleged activities.

4. Jurisdiction arises under 28 U.S.C. § 1332 together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

5. Venue lies in this judicial district in that the events which gave rise to this claim occurred within this district.

## FACTUAL BACKGROUND

6. At all times, relevant, Defendants, Mark J. Molz, Esquire, and Law Office of Mark J. Molz, PC., acted by and through his agents, servants, and employees, Defendants, John Does, who acted within the scope of their authority and within the course of their employment.

7. In 2009 Plaintiff was serving a sentence in Camden County Correctional Facility.

8. Plaintiff was scheduled to be released in 2011. As part of his release Plaintiff was able to transfer to a re-entry facility in Burlington County.

9. Prior to being able to transfer from the Correctional Facility, Plaintiff had secured full-time employment with SABS Auto Repair but only if he was able to obtain his GED.

10. Plaintiff only needed to complete the Math portion of the GED program to obtain his diploma.

11. Plaintiff chose to transfer to the Kintock Group in Bridgeton New Jersey in May of 2011, specifically, because the Kintock Group promoted the ability for residents to obtain their GED's.

12. In or about the beginning of September 2011, Plaintiff asked to be taken to Cumberland County Education Center to register to take the GED test before GED deadline date of 12/31/2011.

13. The director of the facility advised Plaintiff that under the terms of his transfer he could not leave the facility to take the test and they did not have certified teachers on premises for him to take the test.

14. Upon information and belief, The Kintock Group must offer individuals the ability to obtain GED's on their premises per the terms of their contract with the State of New Jersey to obtain funding as qualified re-entry facility.

15. Plaintiff resided in Kintock Group from May 2011 until December 2011.

16. Upon leaving the facility in January of 2012 Plaintiff contacted Attorney Mark. J. Molz about bringing a lawsuit against the Kintock Group for violating his civil rights by failing to provide the required GED courses on premises and causing Plaintiff to lose the opportunity to have full-time employment.

17. On or about January 10, 2013, Law Office of Mark J. Molz, PC was retained by Plaintiff Ronnie Morton to provide legal services. **Exhibit A**

18. The Statute of Limitation for underlying case exprired September 1, 2013.

19. In June 2013, Plaintiff was arrested and incarcerated in Pennsylvania.

20. Plaintiff continued to write Defendant to remind him that Statue of Limitations was approaching.

21. On or about September 24, 2013, Defendant sent a letter to Plaintiff, after the statute of limitations had passed (while Plaintiff was in prison) stating that he would no longer represent him.  **Exhibit B.**

22. In the letter, Defendant also stated that he had filed the civil action complaint against the Kintock Group for the Plaintiff but that Plaintiff would be representing himself *pro se*.

23. Defendant was aware of Plaintiff's situation that he is not able to have the complaint served upon the Kintock Group while Plaintiff was in prison at George W. Hill Correctional Facility.

24. Defendant Molz, Esq. failed to properly file the complaint on behalf of Plaintiff regarding underlying civil cause of action.

25. Defendant failed to conduct proper due diligence for Plaintiff such as filing complaint on behalf of Plaintiff knowing he is unable to file the complaint *pro se*.

26. At all times, relevant hereto Defendant knew Plaintiff is serving time in George W. Hill Correctional Facility and unable to pursue the complaint *pro se*.

27. At all relevant times, Defendants failed to adhere to the standard of care required of attorneys and have caused great economic and emotional harm to the Plaintiff.

## COUNT I – LEGAL MALPRACTICE/ SIMPLE NEGLIGENCE/ PROFESSIONAL NEGLIGENCE

28. Plaintiff repeats and re-alleges each of the preceding paragraphs of this Complaint as if set forth at length.

29. Defendants owed Plaintiff a duty of care.

30. As more fully set forth above, Defendants failed to render legal services to Plaintiff in

accordance to the standard of care required of attorneys.

31. As a direct and proximate result of Defendants Attorneys' legal malpractice aforesaid, Plaintiff was harmed and suffered significant damages, as well as other consequential and incidental damages.

32. Defendants knew or should have known that their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiff.

33. Defendants acted in reckless indifference to the consequences of their actions and omissions aforesaid, meriting the imposition of punitive damages against them.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, and/or in the alternative awarding compensatory damages, incidental damages, punitive damages in the amount to be determined at trial, reasonable attorney's fees and costs, and such other and further relief as the Court may deem just and proper.

### COUNT II – BREACH OF FIDUCIARY DUTY

34. Plaintiff repeats and re-alleges each of the proceeding paragraphs of this Complaint as if set forth at length.

35. Plaintiff and Defendants had a fiduciary relationship.

36. Defendants breached their fiduciary duties owed to Plaintiff, as more fully set forth above, and also acted in a violation of the New Jersey Rules of Professional Conduct.

37. As a direct and proximate result of Defendants' breach of fiduciary duty aforesaid, Plaintiff has been harmed and continues to be harmed, and has incurred significant damages, as well as other consequential damages.

38. Defendants knew or should have known their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiff.

39. Defendants acted in reckless indifference to the consequences of their actions.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, and/or in the alternative awarding compensatory damages, incidental damages, punitive damages in the amount to be determined at trial, reasonable attorney's fees and costs, and such other and omissions aforesaid, meriting the imposition of punitive damages against them.

### COUNT III–BREACH OF CONTRACT

40. Plaintiff incorporate by reference all prior paragraphs as if fully set forth at length herein.

41. Plaintiff and Defendants entered into a contract for legal services.

42. Defendants' aforementioned conduct constitutes a breach (express, implied, or as a matter of law) of that agreement to provide competent and effective legal services, as well as a breach of the covenant of good faith and fair dealing.

43. As a direct and proximate cause of the aforesaid (incorporated by reference), Plaintiff has been damaged (as set forth above).

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, and/or in the alternative awarding compensatory damages, incidental damages, punitive damages in the amount to be determined at trial, reasonable attorney's fees and costs, and such other and omissions aforesaid, meriting the imposition of punitive damages against them.

Respectfully Submitted,

WEISBERG LAW                                          SCHAFKOPF LAW, LLC

BY: /s/ Matthew Weisberg                              BY: _____
MATTHEW B. WEISBERG, ESQ                              GARY SCHAFKOPF, ESQ.

DATED: 3-8-17                                         DATED: 3-8-17