MARK J. MOLZ, ESQUIRE
1400 RTE. 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
Attorney ID # 038271985
Telephone 609-267-8884
Facsimile 609-267-1281
Attorney for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNIE MORTON | : |
| | : |
| | : Civil Action No. 17-1799 JHR-KMW |
| v. | : |
| | : |
| MARK J. MOLZ, ESQ. d/b/a | : |
| MARK MOLZ LAW OFFICE | : |
| f/d/b/a LAW OFFICE OF MARK | : |
| J. MOLZ PC, LAW OFFICE OF | : AFFIDAVIT OF MARK J. MOLZ |
| MARK J. MOLZ PC d/b/a MARK | : |
| MOLZ LAW OFFICE | : |

Mark J. Molz of full age duly sworn according to law hereby deposes and says:

1. I am an attorney at law in the State of New Jersey and make this certification based upon facts within my personal knowledge

2. I have read the complaint filed by Ronnie Morton in The United States District Court.

3. Attached as Exhibit B to the Plaintiffs complaint is a true partial copy of communication I sent to Mr. Morton on September 24, 2013.

### RONNIE MORTON'S MISREPRESENTATIONS

4. As can be seen, Mr. Morton made numerous misrepresentations to me.

4

5. The fee agreement which is attached as Exhibit A contains reference to a $2,500.00 flat fee for investigation.

6. Mr. Morton never paid the fee.

7. The fee agreement also states:

    "case cannot be tried due to criminal record"

8. The problem was that Mr. Morton was a convicted felon and told me that he had completed all of his obligations to the State and was available for such routine matters such as answering interrogatories, appearing at depositions, meeting with an attorney and other requirements of civil litigation.

9. Unfortunately, Mr. Morton went back to jail.

10. Mr. Morton filed a frivolous ethics complaint against me which caused a conflict in any continued representation by me. (Exhibit 10):

    "Dear Mr. Morton:

    Please be advised that I will not be undertaking your representation. When I originally spoke to you, you indicated that you would not be incarcerated and I explained how this affects the outcome of a civil case.
    Since that time, you filed an ethics complaint against me. Obviously we cannot work together and I therefore respectfully request that you cease all communications with my office. If you do not cease all communication with my office, other steps will be taken.
    I hope that you have a clear understanding of my request. ..."

11. At that point I had notified Mr. Morton in writing that I was not interested in representing him.

12. There is no requirement in New Jersey law that I continue to represent on a contingent fee basis pre suit, particularly when the client Ronnie Morton lied to me.

## BREACH OF CONTRACT

13. By refusing to pay the agreed upon $2500.00, Mr. Morton breached our written fee agreement and I was unable to alone shoulder the risks of his doubtful case. (Exhibit 1).

14. I wrote on the fee agreement that the case was not able to be tried because of his criminal record and the fact that his disclosed felony convictions would be used for impeachment.

15. In addition, Mr. Morton to never paying any retainer, Mr. Morton had no losses since he could not work while incarcerated.

16. Mr. Morton refused to reimburse me for even the filing fee of the complaint.

## NO PRIMA FACIE DEMONSTRATION OF DAMAGES

17. The Plaintiff has not showed that there was any disadvantage to Mr. Morton in this case.

18. Not having a GED cannot limit Plaintiff's ability to work and similarly, having a GED does not guarantee any marginal increase in wages.

19. Mr. Morton's extensive criminal record overshadows his education or lack thereof as an intervening reason for wage disparity.

## EXTRAORDINARY EFFORTS TO SAFEGUARD MR. MORTON

20. In order to protect the Statute of Limitations and so as not to disadvantage Mr. Morton, I did cause to be filed a complaint *pro se* based on the initial interview only and I sent it to Mr. Morton at the George W. Hill correctional facility where he was incarcerated.

21. I also prepared and supplied him with a summons to allow the case to move forward.

22. I did not breach any duty to Mr. Morton and in fact went above and beyond to make sure that he wasn't disadvantaged even though he had lied to me.

23. Mr. Morton has failed to make out a prima facia case of legal negligence in this complaint.

### THE LAW OFFICE OF MARK J. MOLZ PC

24. The entity known as The Law Office of Mark J. Molz P.C. did not exist at the time Ronnie Morton consulted with Mark J. Molz and should be dismissed.

25. There is no way Ronnie Morton's claims for civil rights violations in not providing a GED Course are worth $75,000.00.

*STATE OF NEW JERSEY*         )
                              ss.
*COUNTY OF BURLINGTON*        )

Mark J. Molz, Esq.

*Sworn to and subscribed before me this _____ day of _____, 2017*