UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONNIE MORTON | : | |
| 1826 N. 28th Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No.17-1799 |
| | : | |
| MARK J. MOLZ, ESQUIRE | : | JURY TRIAL OF TWELVE DEMANDED |
| d/b/a MARK MOLZ LAW OFFICE | : | |
| 1400 Route 38 East | : | |
| Hainesport, NJ 08036 | : | |
| | : | |
| Defendant. | : | |

**SECOND AMENDED
CIVI ACTION COMPLAINT**

### I. JURISDICTION AND VENUE

1. Jurisdiction in this Honorable Court is based on diversity of citizenship conferred by 28 U.S.C. Section 1332. This Honorable Court has supplemental jurisdiction over state law claims conferred by 28 U.S.C. Section 1367. Upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) as the events giving rise to Plaintiff's claims occurred in this District.

### II. PARTIES

3. Plaintiff, Ronnie Morton, is an adult individual residing at the address set forth above. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

4. Defendant, Mark J. Molz, Esquire is an attorney licensed to practice in New Jersey, doing business as Mark Molz Law Office, with an address set forth above. Upon information and

belief, Molz is a citizen of the State of New Jersey. Plaintiff is asserting professional liability claims against Defendant.

### III. OPERATIVE FACTS

5. In or about 2009, Plaintiff was serving a sentence in Camden County Correctional Facility and was scheduled to be released to a re-entry facility of Plaintiff's choice in 2011.

6. Prior to his scheduled release to a re-entry facility, Plaintiff secured full-time employment with SABS Auto Repair on the condition that Plaintiff obtain his General Education Development certificate ("GED") prior to the end of 2011. Plaintiff only needed to complete the math portion of the GED program in order to obtain his GED.

7. Plaintiff was transferred to the Kintock Group, a re-entry facility, in or around May 2011. Plaintiff chose to be transferred to the Kintock Group because Kintock Group promoted and/or advertised that Kintock Group provided residents the ability to complete the GED program.

8. However, after being transferred to the Kintock Group, the facility director informed Plaintiff that Kintock Group would not allow him to leave the facility to take the GED test and would not provide certified teachers for Plaintiff to take the GED test at the facility.

9. Upon information and belief, the Kintock Group must offer individuals the ability to obtain GEDs on their premises per the terms of their contract with the State of New Jersey; a requirement of the State for the facility to obtain funding as qualified re-entry facility.

10. As a result of Kintock Group's failure to provide Plaintiff the opportunity to take the GED test, Plaintiff lost his employment which depended on Plaintiff completing the GED test by December 31, 2011.

11.     Upon being released from the facility in January 2012, Plaintiff retained Defendant Attorney Mark. J. Molz to bring a lawsuit against the Kintock Group for the loss of his employment.

12.     Plaintiff signed a fee agreement with Defendant. Exhibit A. Plaintiff paid Defendant an initial retainer of $2,500 to cover investigation costs and agreed that Defendant would be entitled to a contingent fee. Exhibit A. The fee agreement is *not* an agreement for Defendant to perform an investigation, but instead is an agreement for Defendant to "represent [Plaintiff] with respect to all claims". *See* Exhibit A, Paragraph 3. Further, the agreement references "win[ing] the case} and "services performed after final judgment." *See* Exhibit A.

13.     The Statute of Limitation for underlying case expired September 1, 2013.

14.     In June 2013, Plaintiff was arrested and incarcerated in Pennsylvania as a result of Plaintiff's loss of employment; i.e. had Plaintiff obtained his GED, Plaintiff would not have committed the criminal acts leading to his arrest and incarceration.

15.     Plaintiff wrote to Defendant on several occasions to inform Defendant (a) that Plaintiff was incarcerated in Pennsylvania; (b) how to reach Plaintiff during his incarceration; and, (c) remind Defendant that the Statute of Limitations was quickly approaching.

16.     On or about August 14, 2013, Defendant filed Plaintiff's Civil Action Complaint against Kintock Group (Civil Action No. CUM-L-000054-15). However, upon information and belief, Defendant did not serve the Complaint on any Defendant.

17.     In failing to serve the Complaint on any Defendant, Defendant violated New Jersey Rule of Professional Conduct 1.1, which states: "[a] lawyer shall not: (a) Handle or neglect a matter entrusted to the lawyer in such manner that the lawyer's conduct constitutes gross negligence."

18. On or about September 24, 2013, Defendant sent a letter to Plaintiff, while Plaintiff was in prison. Exhibit B. The letter stated that Defendant had filed the underlying Complaint *pro se* on behalf of Plaintiff and that Plaintiff had to serve the Complaint himself even though the Complaint then needed to be re-instated prior to any service.

19. In waiting 41 days to send Plaintiff the letter, Defendant violated New Jersey Rule of Professional Conduct 1.3, which states: "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

20. At the time of the letter, Defendant had a contractual agreement to represent Plaintiff in the Underlying Matter. *See* Exhibit A.

21. At the time of the letter, Defendant was aware that Plaintiff was incarcerated. *See* Exhibit B.

22. Defendant intentionally, recklessly, and/or negligently failed to enter their appearance on behalf of Plaintiff, appropriately serve the complaint on all relevant parties, and appropriately prosecute the matter. Instead, without legal authority or leave of the Court, Defendant withdrew from their representation and filed the Complaint *pro se*.

23. Instead, Defendant should have appropriately filed the Complaint with the Court with the Complaint listing Defendant as Plaintiff's attorneys, appropriately served the complaint on all relevant parties, and then, if they so chose, sought leave of the Court to withdraw.

24. In withdrawing his representation of Plaintiff without leave of Court, Defendant violated New Jersey Rule of Professional Conduct 1.16(c), which states: "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.

25. Further, in withdrawing his representation of Plaintiff without leave of Court, Defendant violated New Jersey Rule of Professional Conduct 1.16(d), which states: "[u]pon termination of

representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, *such as giving reasonable notice to the client, allowing time for employment of other counsel."*

26. Finally, in withdrawing his representation of Plaintiff for any alleged failure of Plaintiff (denied), Defendant violated New Jersey Rule of Professional Conduct 1.16(d), which states the attorney must "given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" prior to the withdrawal.

27. Defendant's suggestion that Plaintiff made the representation "unreasonably difficult" due to Plaintiff's incarceration is belayed by the countless attorneys who represent incarcerated individuals in this District.

28. As a result of Defendant improper withdrawal from the matter, the Underlying Matter was terminated in January 2016. Upon information and belief, the Underlying Matter was dismissed for failure to serve the Complaint on the underlying parties within the statute of limitations and/or for failure to prosecute the matter.

29. As a result of Defendant' actions and inactions, Plaintiff was financially harmed. Specifically, Plaintiff lost the Underlying Lawsuit in which Plaintiff would have been successful but for the professional malpractice, negligence, and breach by Defendant and would have recovered an amount in excess of $75,000 – representing the increased income over Plaintiff's career for an individual with a GED.

    **IV.**    **COUNTS OF ACTION**

**COUNT I**
**Professional Malpractice / Negligence**

30. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

31. Defendant owed Plaintiff a duty of care.

32. As more fully set forth above, Defendant failed to render legal services to Plaintiff in accordance to the standard of care required of attorneys and violated the New Jersey Rule of Professional Conduct in his representation of Plaintiff.

33. As a direct and proximate result of Defendant's aforementioned actions and inactions, Plaintiff was harmed and suffered significant damages, as well as other consequential and incidental damages.

34. Defendant knew or should have known that their actions and inactions had an extremely high degree of probability of causing harm to Plaintiff.

35. Defendant acted in reckless indifference to the consequences of their actions and omissions aforesaid, meriting the imposition of punitive damages against them.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), as well as compensatory, incidental, and punitive damages, disgorgement of underlying attorney's fees, and any further relief that this Honorable Court deems necessary and just.

## COUNT II
### Breach of Fiduciary Duty

36. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

37. Plaintiff and Defendant had a fiduciary relationship.

38. Defendant breached their fiduciary duties owed to Plaintiff, as more fully set forth above, and also acted in a violation of the New Jersey Rules of Professional Conduct.

39.     As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has been financially harmed.

40.     Defendant knew or should have known their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiff.

41.     Defendant acted in reckless indifference to the consequences of their actions.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), as well as compensatory, incidental, and punitive damages, disgorgement of underlying attorney's fees, and any further relief that this Honorable Court deems necessary and just.

## **COUNT III**
### **Breach of Contract / Breach of Good Faith & Fair Dealings**

42.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

43.     Plaintiff and Defendant entered into a contract for legal services.

44.     Defendant' aforementioned conduct constitutes a breach (express, implied, or as a matter of law) of that agreement to provide competent and effective legal services, as well as a breach of the covenant of good faith and fair dealing.

45.     As a direct and proximate cause of the aforesaid (incorporated by reference), Plaintiff has been damaged (as set forth above).

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), as well as compensatory, incidental, and punitive damages,

disgorgement of underlying attorney's fees, and any further relief that this Honorable Court deems necessary and just.

| **WEISBERG LAW** | **HOPKINS & SCHAFKOPF, LLC** |
|---|---|
| */s/ Matthew B. Weisberg* | */s/ Gary Schafkopg* |
| Matthew B. Weisberg | Gary Schafkopf |
| Attorney Id. No.: 01565-2000 | Attorney Id. No.: 01224-2000 |
| 7 South Morton Ave. | 11 Bala Ave |
| Morton, PA 19070 | Bala Cynwyd, PA 19004 |
| 610-690-0801 | 610-664-5200 Ex 104 |
| Fax: 610-690-0880 | Fax: 888-238-1334 |
| *Attorneys for Plaintiff* | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RONNIE MORTON<br>1826 N. 28th Street<br>Philadelphia, PA 19121 | : <br>: <br>: <br>: | NO.:  17-1799 |
| Plaintiff, | : <br>: | |
| v. | : <br>: | |
| MARK J. MOLZ, ESQUIRE<br>d/b/a MARK MOLZ LAW OFFICE<br>1400 Route 38 East<br>Hainesport, NJ 08036 | : <br>: <br>: <br>: <br>: | JURY TRIAL OF TWELVE DEMANDED |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 9th day of August, 2017, a true and correct copy of the foregoing Plaintiff's Second Amended Complaint was served via ECF upon the following party:

Mark J. Molz, Esquire<br>
1400 Route 38 East<br>
P.O. Box 577<br>
Hainesport, NJ 08036

                                                  **WEISBERG LAW**

                                                  */s/ Matthew B. Weisberg*
                                                  Matthew B. Weisberg, Esquire
                                                  *Attorneys for Plaintiff*