# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNIE MORTON | : |
| | : |
| | : |
| | : |
| | : Civil Action No. 17-1799 JHR-KMW |
| v. | : |
| | : |
| MARK J. MOLZ, ESQ. d/b/a | : |
| MARK MOLZ LAW | : |
| OFFICE | : |
| | : |
| | : |
| | : |

### *BRIEF OF DEFENDANT(S)*

### *RETURNABLE OCTOBER 2, 2017*

*LAW OFFICES OF MARK J. MOLZ*
*1400 ROUTE 38 EAST, BOX 577*
*HAINESPORT, NEW JERSEY 08036*
*ATTORNEY ID: 038271985*
*Phn: (609) 267-8884, Fax: (609) 267-1281*
*ATTORNEY FOR DEFENDANTS MARK*
*J. MOLZ, ESQ. D/B/A MARK MOLZ LAW*
*OFFICE*

**On the Brief**
**Mark J. Molz, Esquire**
**molzlaw@aol.com**

## TABLE OF CONTENTS

STATEMENT OF FACTS.................................................................... 11

LAW AND ARGUMENT.................................................................... 14

POINT I     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) REQUIRES
            THE DISMISSAL OF PLAINTIFF'S COMPLAINT ..................... 14

POINT II    PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO
            STATE A CAUSE OF ACTION ................................................ 16

POINT III   THE DAMAGES CLAIMED BY RONNIE MORTON CANNOT
            REACH MORE THAN $75,000.00............................................. 17

POINT IV    THE COMPLAINT IS FRIVOLOUS............................................ 18

CONCLUSION.................................................................................... 18

## TABLE OF AUTHORITIES

Ashcroft v. Iqbal 566 U.S. 662, 129 S. Ct. 1937, 1949,
173 L. Ed. 2d 868 (2009) ................................................................ 14

Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555,
127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) .................................. 15

CitiSteel USA Inc. v. GE, 78 F. App'x 832, 835 (3d Cir. 2003) ........................... 15, 16

Love v. Southr Rive Police Department, No. CIV. 11-3765,
2012 WL 3950358, (D.N.J. Sept. 10, 2012) .................................. 16

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) ....................... 14

Mayer v. Belichick, 605 F. 3d223, 229 (3d Cir. 2010) ......................................... 15

Matter of Schwartz, 99 N.J. 510, 519 (1985) ..................................................... 17

Phillips v. County of Allegheny, 515 F. 3d, 224, 232 (3rd Cir. 2008) ...................... 15

Sommers v. McKinney, 287 N.J.Super. 1, 10 (App.Div.1996) ................................. 16

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289,
58 S. Ct. 586, 590, 82 L. Ed. 845 (1938) ...................................... 17,18

Tilbury v. Aames Homes Loan, 199 F. App'z 122, 125 (3d Cir. 2006) ................. 15,16

## RULES

Fed. R. Civ. P. 12(b)(6) ......................................................................... 14

MARK J. MOLZ, ESQUIRE
1400 RTE. 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
Attorney ID # 038271985
Telephone 609-267-8884
Facsimile 609-267-1281
Attorney for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONNIE MORTON | : | |
| | : | |
| | : | |
| | : | Civil Action No. 17-1799 JHR-KMW |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| MARK J. MOLZ, ESQ. d/b/a | : | **BRIEF IN SUPPORT OF MOTION** |
| MARK MOLZ LAW | : | **TO DISMISS PLAINTIFF'S** |
| OFFICE | : | **SECOND AMENDED** |
| | : | **COMPLAINT** |

## STATEMENT OF FACTS

1. Attached as Exhibit B to the Plaintiffs complaint is a true partial copy of communication Mark J. Molz to Mr. Morton on September 24, 2013.

2. The fee agreement which is attached as Plaintiff's Exhibit A contains reference to a $2,500.00 flat fee for investigation. (Defense Exhibit A).

3. Mr. Morton never paid the fee. (See Affidavit of Mark J. Molz).

11

4. The fee agreement also states:

> "case cannot be tried due to criminal record" (See Exhibit 1).

5. The problem was that Mr. Morton was a convicted felon and told Defendant that he had completed all of his obligations to the State and was available for such routine matters such as answering interrogatories, appearing at depositions, meeting with an attorney and other requirements of civil litigation. (See Affidavit of Mark J. Molz).

6. Unfortunately, Mr. Morton went back to jail. (See Plaintiff's Complaint and Affidavit of Mark J. Molz).

7. At that point Mark J. Molz had notified Mr. Morton that he was not interested in representing him. (Exhibit 6, 10, 11, 12).

8. There is no requirement in New Jersey law that Mark J. Molz continue to represent on a contingent fee basis pre-trial, particularly when the client Ronnie Morton lied. (See Affidavit of Mark J. Molz).

9. More importantly, in order to protect the Statute of Limitations and so as not to disadvantage Mr. Morton, Mark J. Molz did cause to be filed a complaint *pro se* based on the initial interview only and Mark J. Molz sent it to Mr. Morton at the George W. Hill correctional facility where he was incarcerated. (See Exhibit 6, 7, 8, 9).

10. Mark J. Molz wrote on the fee agreement that the case was not able to be tried because of Mr. Morton's extensive criminal record and the fact that his disclosed felony convictions would be used for impeachment. (See Exhibit 1).

11. As a result, Mark J. Molz did not breach any duty to Mr. Morton and in fact went above and beyond to make sure that he wasn't disadvantaged even though he had lied to Mark J. Molz. (See Affidavit of Mark J. Molz).

12. The present complaint fails to state a cause of action.

13. In addition, Mr. Morton never paid any retainer and refused to reimburse Mark J. Molz for the filing fee of the complaint. (See Affidavit of Mark J. Molz).

14. The Plaintiff has not showed that there was any disadvantage to Mr. Morton in this case.

15. Mr. Morton has failed to make out a prima facia case of legal negligence in this complaint.

16. There was no breach of the Statute of Limitations because a complaint was filed on Mr. Morton's behalf in his own name, *pro se*. (See Exhibit 8).

17. In addition, the underlying case cannot be proved since Mr. Morton went back to jail. (See Affidavit of Mark J. Molz).

18. Any damages in the underlying case cannot be proven since Mr. Morton went back to jail as can be seen from Exhibit B. (See Affidavit of Mark J. Molz).

19. There is no way Ronnie Morton's claims for civil rights violations in not providing a GED Course are worth more than $75,000.00, which is not pleaded.

## LAW AND ARGUMENT

**POINT I      FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) REQUIRES THE DISMISSAL OF PLAINTIFF'S COMPLAINT**

In deciding a Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6), a court must apply a two part test. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'" Id. at 211 (quoting Ashcroft v. Iqbal 566 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the

14

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, supra, 129 S. Ct. at 1949; See also Mayer v. Belichick, 605 F. 3d223, 229 (3d Cir. 2010)(holding that "in order to withstand a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level) (quoting Phillips v. County of Allegheny, 515 F. 3d, 224, 232 (3rd Cir. 2008).

A complaint will not withstand a motion to dismiss if it contains nothing more than "unadorned, the – defendant – unlawfully – harmed – me accusations." Iqbal, supra, 129 S. Ct. at 1949, see also Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (holding a "plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Although a Rule 12 (b)(6) motion generally relies upon the pleadings, a court has "discretion to address evidence outside the complaint…" CitiSteel USA Inc. v. GE, 78 F. App'x 832, 835 (3d Cir. 2003) (citation and internal quotation marked omitted) As such, "a court may examine the facts as alleged in the pleadings as well as matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Tilbury v. Aames

Homes Loan, 199 F. App'z 122, 125 (3d Cir. 2006) (citation and internal quotation marks omitted). In addition, the court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." …" CitiSteel USA Inc. v. GE, 78 F. App'x 832, 835 (3d Cir. 2003) (citation and internal quotation marked omitted).

As this court further noted in Love v. South River Police Department, "…an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss in to one for summary judgment'". No. CIV. 11-3765, 2012 WL 3950358, (D.N.J. Sept. 10, 2012).

## POINT II   PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION

"In order to establish malpractice, the plaintiff must demonstrate: 1) the existence of an attorney-client relationship creating a duty of care upon the attorney; 2) that the attorney breached the duty owed; 3) that the breach was the proximate cause of any damages sustained; and 4) that actual damages were incurred." Sommers v. McKinney, 287 N.J.Super. 1, 10 (App.Div.1996).

Here, Ronnie Morton breached the fee agreement by never paying the agreed upon retainer. More importantly he went back to jail effectively

16

negating any claim for damages. The fee agreement sets forth Mr. Morton's claim that he was deprived of the opportunity to take GED classes.

"[A] lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to  which the client is entitled, and complying with applicable laws and rules." Matter of Schwartz, 99 N.J. 510, 519 (1985).

Factually, Defendant Mark J. Molz declined to represent Mr. Ronnie Morton after Mr. Morton lied, failed to pay the $2,500.00 retainer and went back to jail. To make sure Mr. Morton was not disadvantaged, Mark J. Molz filed a *pro se* complaint and advised Mr. Morton to secure counsel and/or to serve the Complaint.

The Complaint fails to set forth a cause of action and must be dismissed.

## POINT III THE DAMAGES CLAIMED BY RONNIE MORTON CANNOT REACH MORE THAN $75,000.00

The United States District Court has no jurisdiction to hear this case.

The instant Complaint has been filed as a diversity action. Accordingly, dismissal is warranted when it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289, 58 S. Ct. 586, 590, 82 L. Ed. 845

17

(1938). Ronnie Morton claims that while incarcerated, he was deprived of the opportunity to obtain a GED. He subsequently went back to jail. There can be no proof that the alleged failure to offer a GED Course leads to damages actually sustained by Ronnie Morton.

Ronnie Morton cannot in good faith demonstrate any ability to prove damages of $75,000.00.

## POINT IV   THE COMPLAINT IS FRIVOLOUS

The Plaintiff has not showed that there was any disadvantage to Mr. Morton in the underlying case. Mr. Morton has failed to make out a *prima facie* case of legal negligence in this complaint.

There was no breach of the Statute of Limitations because a complaint was filed on Mr. Morton's behalf in his own name, *pro se*. In addition, the underlying case cannot be proved since Mr. Morton went back to jail.

Rule 11 provides sanctions for the filing and continuation of a frivolous pleading.

### CONCLUSION

Ronnie Morton's complaint is frivolous and should be dismissed. In the alternative, it is respectfully requested that Defendants be granted an addition 20 days to file an Answer.

Date: August 28, 2017

Mark J. Molz, Esquire

18

MARK J. MOLZ, ESQUIRE
1400 RTE. 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
Attorney ID # 038271985
Telephone 609-267-8884
Facsimile 609-267-1281
Attorney for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONNIE MORTON | : | |
| | : | |
| | : | Civil Action No. 17-1799 JHR-KMW |
| v. | : | |
| | : | |
| | : | |
| MARK J. MOLZ, ESQ. d/b/a | : | ORDER |
| MARK MOLZ LAW OFFICE | : | |
| | : | |

THIS MATTER having been opened to the Court by Mark J. Molz, Esquire, attorney for the Defendants on _____, 2017, and the Court having considered the oral argument of counsel, and for good cause shown;

IT IS THIS _____ DAY OF _____, 2017; ORDERED as follows:

1. The complaint filed against Mark J, Molz, Esq. d/b/a Mark Molz Law Office is hereby dismissed with prejudice; and/or

2. Defendants are granted an addition 20 days to file an Answer; and

IT IS FURTHER ORDERED that a true copy of this Order be served upon all parties within _____ days of its receipt hereof.

_____
U.S.D.J.

19

## CONTINGENT FEE AGREEMENT

1.  MARK J. MOLZ, ESQUIRE
    1400 Route 38 East
    P.O. Box 577
    Hainesport, New Jersey 08036

2.  Name of Client: _RONNIE O. MORTON_
    Address of Client: _1816 SOUTH 6TH ST_
    _CAMDEN NEW JERSEY 08104_

3.  Clients hereby agree to retain Mark J. Molz, Esquire as their attorney to represent them with respect to all claims arising out of an incident by which Client did sustain personal injuries and/or property damage.

    The date of injury is: _1/10/12_

    The person or persons causing said injury is/are: _KINTOCK GROUP FAILED TO GIVE_
    _CLASSES FOR GED_
    _CLIENT WILL SETTLE UPON ADVISE OF COUNSEL._
    _CASE CANNOT BE TRIED DUE TO CRIMINAL RECORD._

4.  You have the right to hire me and pay me, based upon the reasonable value of my services. In such case I have the right to be paid my usual hourly charges, even if you do not win your case. If you prefer that method of paying me then sign this clause.
    Then, I will bill you monthly as work is performed at the rate of $300.00 per hour for attorneys and $75.00 hour for paralegals.

5.  In addition to legal fees, you must pay the following costs and expenses:

    Experts' fees, court costs, accountants' fees, appraisers' fees, service fees, investigators' fees, deposition costs, messenger services, photocopying charges, telephone toll costs, postage and any other necessary expenses in this matter.

6.  Not withstanding Paragraph 4, Client agrees that the attorney shall be paid a fee, contingent in whole or in part to be computed as follows:

    A flat fee for investigation of the claim in the amount of $ _2500.00_, which shall not be refundable and

    (a)  33 1/3% on the first $500,000.00 recovered, less a credit for any retainer or flat fee received;
    (b)  30% on the next $500,000.00 recovered;
    (c)  25% on the next $500,000.00 recovered;
    (d)  20% on the next $500,000.00 recovered;
    (e)  Where the amount recovered is for the benefit of a Client who was an infant or

**Exhibit 1**

apply, except that the fee on any amount recovered <u>by settlement without trial</u> shall not exceed 25%.

(f) If at the conclusion of a matter the attorney considers the fee permitted to be inadequate, an application on written notice to the Client may be made to the Assignment Judge for the hearing and determining of a reasonable fee in light of all the circumstances. A copy of any such application and of all papers filed in support of or in opposition thereto, together with a copy of the Court order fixing the fee shall be filed with the Administrative Office of the Courts. This shall not preclude the exercise of a Client's existing right to a Court review of the reasonableness of an attorney's fee.

(g) <u>Calculation of Fee in Structured Settlements</u>.  As used herein the term "structured settlement" refers to the payment of any settlement between the parties or judgment entered pursuant to a proceeding approved by the Court, the terms of which provide for the payment of the funds to be received by the Plaintiff on an installment basis. The basis for calculation of a contingent fee shall be the value of the structured settlement as herein defined. Value shall consist of any cash payment made upon consummation of the settlement plus the actual cost to the part making the settlement of the deferred payment aspects thereof. In the event that the party paying the settlement does not purchase the deferred payment component, the actual cost thereof shall be the actual cost assigned by that party to the component. The party making the settlement shall disclose to the party receiving the settlement its actual cost and, if it does not purchase the deferred payment aspect of the settlement, the factors and assumptions used by it in assigning the actual cost.

The permissible fee shall be computed on the net sum recovered after deducting disbursements in connection with the institution and the prosecution of the claim, whether advanced by the attorney or by the Client, including investigation expenses, expenses for expert or other testimony or evidence, the cost of briefs and transcripts on appeal, and any interest included in a judgment pursuant to Rule 4:42-11(b).

The fee shall include legal services rendered on any appeal, review proceeding or retrial, but this shall not be deemed to require the attorney to take an appeal.

In the event there is no recovery, except as might otherwise be specified above, the Client shall not be obligated to pay the attorney a fee for his services, <u>but the Client shall reimburse the attorney for all disbursements made by the attorney in connection with the institution and prosecution of the claim.</u>

Services performed after final judgment for enforcement, collection, modification, etc., in accordance with new agreement to be made between Client and Law Firm. Should there be any awarded counsel fees and costs, same will be credited to Client's account or reimbursed to Client only when said monies are actually received by Law Firm.

Dated: 1/10/13

_____
Client

Dated: 1/10/13

_____
MARK J. MOLZ, ESQUIRE; For the Firm

DEAR Terry Hi WE MORTON D.O.B.4-2-97,
WANTED To LET you AND MR. MOLZ KNOW that I WAS
ARRESTED in City of CAMDEN on 4/23/2013 on A Fugitive
WARRANT FROM DELAWARE County Commonwealth of
PENNSYLVANIA, STATE of PENNSYLVANIA UNDER
WARRANT# 32249-AW-0000093-2013 CONTRARY to
the provisions of N.J.S. 2A:160-10. So I Am now
AWAITING to be EXTRADICTED to DELAWARE County
AND THE STATE OF PENNSYLVANIA. TERRY in the
MEAN time TELL MARK I SAID iF THE CIVIL

Complaint FOR the LAWSUIT HAS been Filed
AGAINST KINTOCK Group. Kindly Send ME
A Copy of the CIVIL Complaint THAT WAS
Filed with CAMDEN CIVIL COURT SEND
EACH + All Documents HERE to ME AT this
CAMDEN County JAIL DO NOT SEND ANY legal
MAIL to 1816 South 6th STREET, CAMDEN, N.J.
08104. Also if MY Sons Mother MS. DAWN HILTON
CAlls yours OFFICE I give you CONSENT To Tell HER

Anything And All INFORMATION REGARDING
MY CIVIL LAWSUIT AGAINST KINTOCK Group
But "DO NOT" SEND HER "NO" LEGAL documents
SEND All LEGAL documents to ME here At
the CAMDEN County JAIL SEND ME A
Copy of the CIVIL LAWSuit Complaint if
I HAS been FILED ALREADY Tell MARK THE
CHARGES AGAINST ME IN DELAWARE COUNTY I

EXHIBIT 2

RONNIE MORTON
CAMDEN CO. JAI
P.O. BOX 90431
CAMDEN, NJ  08101

DEAR MR. Molz, I WAS Picked up by A CAMDEN
City METRO police OFFICER telling ME I WAS
being ARRESTED FOR A Out of State Futitive WARRANT   ← 4-25-1:
FROM DELAWARE County Commonwealth of Pennsylvan
STATE OF PennsyLVENIA UNDER WARRANT # 32249-AW-
0000093-2013 CONTRARY TO the PRovisions of N.J.S.
2A:160-10. MR.Molz NEED you To CAll CAMDEN Super:
Court AND Find out WHEN is MY EXTRADICTION HEARN
So I CAN WAIVE iT AND go To DELAWARE County
P.A. MARK ANY PAPERS ABout MY LAWSUIT SENT IT
                                                   TO ME!

DEAR MR. MR. Molz I got picked up ON A
FUGiTive WARRANT out of DELAWARE County   ← NO date
I AM Currently Awaiting A Extradiction
HEARing Which I Need you PResent At that
HEARing I AM Currently in CAMDEN County
JAiL, I NEED your Help. PLEASE PLEASE!

EXHIBIT 3

RONNIE MORTON #277954          4/30/2013
CAMDEN COUNTY JAIL
   P.O. 90431
330 FEDERAL STREET
CAMDEN, N.J. 08101

To: TERRY
LAW OFFICE OF:
MARK J. MOLZ, ESQ
1400 ROUTE 38 EAST
   P.O. BOX 577
HAINESPORT, N.J. 08060                 EXHIBIT
                                          4
RE: RONNIE MORTON V. THE KINTOCK GROUP

DEAR TERRY Kindly Let MARK KNOW that
THAT I AM CURRENTLY being Held on A BULL
CRAP FUGITIVE WARRANT out @ DELAWARE
COUNTY I WILL BEAT IT I AM AWAITING to
BE EXTRADICTED TO PA. ALSO if the Civil
complaint against KINTOCK is Finished
And Filed MAIL ME A COPY HERE to the JAIL
IMMEDIATLY. A COPY Of the Civil complaint

LAW OFFICE OF

# MARK J. MOLZ

1400 ROUTE 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
PHONE: (609) 267-8884
FAX: (609) 267-1281

MARK J. MOLZ *#

OF COUNSEL
    RICHARD R. DISTEFANO

*ALSO MEMBER OF PA BAR
#ALSO MEMBER OF FL BAR

OUR FILE #

May 17, 2013

**PERSONAL AND CONFIDENTIAL**
Mr. Ronnie Morton
George W. Hill Correctional Facility
ID#13003389
PO Box 23A
Thornton, PA 19373

     **Re:**   **Your case**

Dear Mr. Morton:

    I acknowledge receipt of your recent letters requesting a copy of the filed Complaint against the Kintoch Group.   The Complaint has not yet been filed.

    Please let me know what you are in for and what new charges you are facing.

    This affects my ability to represent you in a civil case as mentioned during our multiple conversations.

    Quite simply, there is nothing to assign as of this date.

             Very truly yours,

             *Mark J. Molz /a/*

             Mark J. Molz

MJM/alc

EXHIBIT 5

LAW OFFICE OF

# MARK J. MOLZ

1400 ROUTE 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
PHONE: (609) 267-8884
FAX: (609) 267-1281

MARK J. MOLZ *#

OF COUNSEL
    RICHARD R. DISTEFANO

*ALSO MEMBER OF PA BAR
#ALSO MEMBER OF FL BAR

OUR FILE #

September 24, 2013

**PERSONAL AND CONFIDENTIAL**
Mr. Ronnie Morton
George W. Hill Correctional Facility
ID#13003389
PO Box 23A
Thornton, PA 19373

      **Re:**   **Morton v. Kintock Group**

Dear Mr. Morton:

    I hope this letter finds you well. As you are aware, I was hesitant to consider filing a Complaint for you based upon your criminal record. You assured me that you had turned a corner and that you were completely crime free at the time we talked.

    This turned out not to be true, nonetheless, I carefully prepared a Complaint based upon your representations to me. I have filed it with the Court under your name.

    You are appearing *pro se*. This means that you represent yourself.

    The only way I would consider your representation at this point would be on an hourly basis. Sufficed to say that I want to help you maintain the action and I filed the Complaint to protect the Statute of Limitations for you.

    I will no longer be your lawyer. This means you must take the filed copy of the Complaint and serve it upon the Defendants. You can initially serve it by certified and regular mail although to perfect service you should have it served personally. You will need to prepare a Summons and I am sending you the summons with this communication so that you have it to serve.

    Please refund me the $200.00 filing fee.

    Once you are released from jail, I would consider speaking with you again. However, you have overwhelmed my office with letters and with demands and therefore I respectfully decline your representation at this time.

EXHIBIT 6

It is my hope that you are successful in your claim for damages.  I highly encourage you to obtain other counsel.

Very truly yours,

*Mark J. Molz* /s/

Mark J. Molz

MJM/alc

RONNIE MORTON 13003389
GWH Correction Facility
PO Box 23A
Thornton, PA 19373

---

RONNIE MORTON

          Plaintiff,

    v.

KINTOCK GROUP,  and/or
JOHN DOE 1-10 individually, jointly and
severally

          Defendant (s)

: SUPERIOR COURT OF NEW JERSEY
: CAMDEN COUNTY
: LAW DIVISION
: DOCKET NO.
: Civil Action (Tort/Contract)
:
: **SUMMONS**
:
:
:
:
:

**The State of New Jersey, to the Above Named Defendant(s):**

    The Plaintiff(s) named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to the Summons states the basis for the lawsuit.  If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the County listed above within  35 days from the date you receive this, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided).  If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971, Trenton, New Jersey 08625-0971.  A $135.00 filing fee payable to the Treasurer of the State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

    If you do not file and serve an a written answer or motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit.  If Judgment is entered against you, the sheriff may seize your money, wages or property to pay all or part of the Judgment.

    If you cannot afford to pay an attorney, you may call the Legal Services Office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated: *September 24, 2013*

                    *Jennifer M. Perez*
              Clerk of the Superior Court

Name of defendant to be served:
Address for service:

EXHIBIT 7

**Directory of Superior Court Deputy Clerk's Offices**
**County Lawyer Referral and Legal Services Offices**

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
60 W. Broad Street
PO Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

ESSEX COUNTY:
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES

| | |
|---|---|
| MERCER COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (609) 585-6200 |
| Local Filing Office, Courthouse | LEGAL SERVICES |
| 175 S. Broad Street, PO Box 8068 | (609) 695-6249 |
| Trenton, NJ 08650 | |
| | |
| MIDDLESEX COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (732) 828-0053 |
| Middlesex Vicinage | LEGAL SERVICES |
| 2ND Floor – Tower | (732) 249-7600 |
| 56 Paterson Street, PO Box 2633 | |
| New Brunswick, NJ 08903-2633 | |
| | |
| MONMOUTH COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (732) 431-5544 |
| Court House | LEGAL SERVICES |
| PO Box 1269 | (732) 866-0020 |
| Freehold, NJ 07728-1269 | |
| | |
| MORRIS COUNTY: | LAWYER REFERRAL |
| Morris County Courthouse | (973) 267-5882 |
| Civil Division | LEGAL SERVICES |
| Washington and Court Streets | (973) 285-6911 |
| Morristown, NJ 07963-0910 | |
| | |
| OCEAN COUNTY: | LAWYER REFERRAL |
| 118 Washington Street, Room 121 | (732) 240-3666 |
| PO Box 2191 | LEGAL SERVICES |
| Toms River, NJ 08754-2191 | (732) 341-2727 |
| | |
| PASSIAC COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (973) 278-9223 |
| Civil Division | LEGAL SERVICES |
| Court House | (973) 523-2900 |
| 77 Hamilton Street | |
| Paterson, NJ 07505 | |
| | |
| SALEM COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (856) 935-5629 |
| Attn: Civil Case Management Office | LEGAL SERVICES |
| 92 Market Street | (856) 451-0003 |
| Salem, NJ 08079 | |
| | |
| SOMERSET COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (908) 685-2323 |
| Civil Division | LEGAL SERVICES |
| PO Box 3000 | (908) 231-0840 |
| 40 North Bridge Street | |
| Somerville, NJ 08876 | |
| | |
| SUSSEX COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (973) 267-5882 |
| Sussex County Judicial Center | LEGAL SERVICES |
| 43-47 High Street | (973) 383-7400 |
| Newton, NJ 07860 | |
| | |
| UNION COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (908) 353-4715 |
| 1st Fl., Court House | LAWYER SERVICES |
| 2 Broad Street | (908) 354-4340 |
| Elizabeth, NJ 07207-6073 | |
| | |
| WARREN COUNTY: | LAWYER REFERRAL |
| Deputy Clerk of the Superior Court | (973) 267-5882 |
| Civil Division Office | LEGAL SERVICES |
| Court House | (973) 475-2010 |
| 413 Second Street | |
| Belvidere, NJ 07823-1500 | |

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS

                              TRACK ASSIGNMENT NOTICE

          DATE:     AUGUST 15, 2013
          RE:       MORTON VS KINTOCK GROUP
          DOCKET:   CAM L -003364 13

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR  90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN T. KELLEY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     202
AT:  (856) 379-2200 EXT 3060.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

          ATTENTION:

                    RONNIE MORTON
                    GWI CORRECTION FACILITY
                    P O BOX 23A
                    THORNTON          PA 19373

JUAXT5

RONNIE MORTON 13003389
GWH Correction Facility
PO Box 23A
Thornton, PA 19373

August 13, 2013

Clerk,
Superior Court of New Jersey
101 S. 5th Street
Camden, NJ 08103

Re:    Morton v. Kintock Group

Dear Clerk:

Enclosed herein please find an original and one copy of the following:

1.    Civil Case Information Statement; and
2.    Complaint.

I am also enclosing my check in the amount of $200.00. Please file same and return the copies so marked in the enclosed self addressed stamped envelope.

Very truly yours,

Ronnie Morton

Ronnie Morton

EXHIBIT 8

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY

PAYMENT TYPE: ☐ CK ☐ CG ☐ CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Ronnie Morton | | Camden |

| FIRM NAME  (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| | L-3364·13 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| GWH Correction Facility PO BOX 23A Thornton, PA 19373 | Complaint |

JURY DEMAND  ■ YES   ☐ No

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Ronnie Morton, Plaintif | Ronnie Morton, Plaintiff v. Kintock Group and/or John Doe 1-10, individually, jointly and severally Defendants. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ■ NO |
|---|---|
| | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?   ☐ Yes  ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE   ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐ Yes  ■ No | IF YES, IS THAT RELATIONSHIP:  ☐ EMPLOYER/EMPLOYEE  ☐ FAMILIAL  ☐ FRIEND/NEIGHBOR  ☐ BUSINESS  ☐ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES  ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
285 STRYKER TRIDENT HIP IMPLANTS
288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION

291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
623 PROPECIA

### Mass Tort (Track IV)
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTAN/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM

281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
284 NUVARING
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1.

RONNIE MORTON 13003389
GWH Correction Facility
PO Box 23A
Thornton, PA 19373

---

| | |
|---|---|
| RONNIE MORTON | : SUPERIOR COURT OF NEW JERSEY |
| | : CAMDEN COUNTY |
| Plaintiff, | : LAW DIVISION |
| | : DOCKET NO. L-3364-13 |
| v. | : Civil Action (Tort/Contract) |
| | : |
| KINTOCK GROUP, and/or | : **COMPLAINT** |
| JOHN DOE 1-10 individually, jointly and | : **WITH JURY DEMAND** |
| severally | : **AND DISCOVERY REQUESTS** |
| | : |
| Defendant (s) | : |

Ronnie Morton residing at 1816 South 6th Street, City of Camden, County of Camden, State of New Jersey by way of Complaint states:

1.  The Defendant Kintock Group is a contractor for the State Department of Corrections with principal offices located at 4 South Industrial Boulevard, Bridgeton, NJ 08302.

2.  John Doe 1-10 is a fictitious designation for an individual or business entity whose act or omission caused the Plaintiff damages as set forth herein.

3.  The principal is responsible for the act or omission of its agent, servant or assigns.

4.  In or about July 2009, the Plaintiff was sentenced to a 5 year term with a 2 year parole ineligibility.

5.  The Plaintiff served his sentence and in or about July 2011 the Plaintiff was transferred to the Kintock Group which is an independent contractor administering the state management treatment and work release program.

6.  The Kintock Group program profile is set forth as Exhibit 1. It states:

EXHIBIT 9



20150

MARK J. MOLZ, ESQUIRE

Treasurer State of NJ
8/13/13
200.00
File # 17411

LAW OFFICE OF

# MARK J. MOLZ

1400 ROUTE 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
PHONE: (609) 267-8884
FAX: (609) 267-1281

MARK J. MOLZ *#

OF COUNSEL
    RICHARD R. DISTEFANO

*ALSO MEMBER OF PA BAR
#ALSO MEMBER OF FL BAR

OUR FILE #

October 17, 2014

VIA CERTIFIED 7013 3020 0001 4466 6054
AND REGULAR MAIL
PERSONAL AND CONFIDENTIAL
Mr. Ronnie Morton
918 N. Broad Street
Philadelphia, PA 19130

      Re:    Your case

Dear Mr. Morton:

    Please be advised that I will not be undertaking your representation.  When I originally spoke to you, you indicated that you would not be incarcerated and I explained how this affects the outcome of a civil case.

    Since that time, you filed an ethics complaint against me.  Obviously we cannot work together and I therefore respectfully request that you cease all communication with my office.  If you do not cease all communication with my office other steps will be taken.

    I hope that you have a clear understanding of my request.

                Very truly yours,

                *Mark J. Molz* /s/

                Mark J. Molz

MJM/alc

EXHIBIT 10

f Mark J. Molz
38 East

NJ 08036

**PERSONAL AND CONFIDENTIAL**
Mr. Ronnie Morton
918 N. Broad Street
Philadelphia, PA 19130

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Ronnie Morton
918 N. Broad street
Philadelphia, PA 19130

2. Article Number
   *(Transfer from service label)*    7013 3020 0001 4466 6054

PS Form **3811**, July 2013          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7013 3020 0001 4466 6054

Sent To

LAW OFFICE OF
# MARK J. MOLZ
1400 ROUTE 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
PHONE: (609) 267-8884
FAX: (609) 267-1281

MARK J. MOLZ *#

OF COUNSEL
    RICHARD R. DISTEFANO

*ALSO MEMBER OF PA BAR
#ALSO MEMBER OF FL BAR

OUR FILE #

October 15, 2013

**PERSONAL AND CONFIDENTIAL**
Mr. Ronnie Morton
SCI Camp Hill
ID LE0207
PO Box 200
Camphill, PA 17001

      **Re:**   **Your case**

Dear Mr. Morton:

      I am in receipt of your undated letter which was mailed October 9, 2013. I am returning it to you. I am also forwarding to you a copy of the lawsuit that was filed *pro se*. As you may recall, when I spoke to you about potential representation you told me that you were done with the court system and that your damages involved you working in a normal position.

      Unfortunately, you did have more legal troubles and under those circumstances I declined your representation.

      As a courtesy and to protect your rights I filed a Complaint on your behalf in your own name. A true copy of it is attached. You need to serve the Complaint, take discovery and move the case forward.

      I have not sent a copy of this letter to Mr. Kramer but you may send the lawsuit to him and ask him to represent you.

      This office will not be taking any further action on your behalf. Accordingly, I decline to order my staff to provide an assignment to Mr. Kramer.

      I do wish you the best of luck in your current circumstances.

            Very truly yours,

            *Mark J. Molz /s/*

            Mark J. Molz

MJM/alc
Enclosure

EXHIBIT 11

LAW OFFICE OF

# MARK J. MOLZ

1400 ROUTE 38 EAST, PO BOX 577
HAINESPORT, NJ 08036
PHONE: (609) 267-8884
FAX: (609) 267-1281

MARK J. MOLZ *#

OF COUNSEL
RICHARD R. DISTEFANO

*ALSO MEMBER OF PA BAR
#ALSO MEMBER OF FL BAR

OUR FILE #

April 17, 2014

**VIA CERTIFIED 7011 2000 0001 7614 2497**
**AND REGULAR MAIL**
**PERSONAL AND CONFIDENTIAL**
Mr. Ronnie Morton
SCI Camp Hill
ID LE0207
PO Box 200
Camphill, PA 17001

**Re:    Morton v. Kintock Group**

Dear Mr. Morton:

Enclosed herein please find a copy of correspondence that was sent to you on September 24, 2013.

Please be guided accordingly.

Very truly yours,
*Mark J. Molz /s/*
Mark J. Molz

MJM/alc
Enclosure

EXHIBIT 12