**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RONNIE MORTON<br>1826 N. 28th Street<br>Philadelphia, PA 19121 | : <br> : <br> : <br> : | NO.:   17-1799 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| MARK J. MOLZ, ESQUIRE<br>d/b/a MARK MOLZ LAW OFFICE<br>1400 Route 38 East<br>Hainesport, NJ 08036 | : <br> : <br> : <br> : <br> : | JURY TRIAL OF TWELVE DEMANDED |
| Defendant. | : | |

## ORDER

AND NOW this _____ day of _____, 2017, upon consideration of Defendant, Mark J. Molz's Motions to Dismiss, and Plaintiff, Ronnie Morton's Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

_____
,J.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONNIE MORTON | : | |
| 1826 N. 28th Street | : | NO.:   17-1799 |
| Philadelphia, PA 19121 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vi. | : | |
| | : | |
| MARK J. MOLZ, ESQUIRE | : | JURY TRIAL OF TWELVE DEMANDED |
| d/b/a MARK MOLZ LAW OFFICE | : | |
| 1400 Route 38 East | : | |
| Hainesport, NJ 08036 | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF, RONNIE MORTON'S RESPONSE IN OPPOSITION TO DEFENDANT, MARK J. MOLZ'S MOTION FOR DIMISSAL OF PLAINTIFF'S SECOND AMENDED CIVIL ACTION COMPLAINT**

Plaintiff, Ronnie Morton, by and through his undersigned attorney, hereby files his Response in Opposition to Defendant, Mark J. Molz's Motion for Dismissal of Plaintiff's Second Amended Civil Action Complaint. In support of Plaintiff's Response, Plaintiff incorporates his Memorandum of Law contemporaneously filed as if set forth at length herein, and requests this Honorable Court deny the Defendant's Motion and enter the proposed Order attached hereto.

**WHEREFORE,** Plaintiff, Ronnie Morton, by and through his undersigned attorneys, respectfully requests this Honorable Court deny Defendant, Mark J. Molz's Motion for Dismissal of Plaintiff's Second Amended Civil Action Complaint and enter the proposed Order attached hereto.

                                                                             **WEISBERG LAW**

                                                                     */s/ Matthew B. Weisberg*
                                                                    Matthew Weisberg, Esquire
                                                                    *Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RONNIE MORTON | : | |
| 1826 N. 28th Street | : | NO.:   17-1799 |
| Philadelphia, PA 19121 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vii. | : | |
| | : | |
| MARK J. MOLZ, ESQUIRE | : | JURY TRIAL OF TWELVE DEMANDED |
| d/b/a MARK MOLZ LAW OFFICE | : | |
| 1400 Route 38 East | : | |
| Hainesport, NJ 08036 | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF, RONNIE MORTON'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, MARK J. MOLZ'S MOTION FOR DIMISSAL OF PLAINTIFF'S SECOND AMENDED CIVIL ACTION COMPLAINT**

Plaintiff, Ronnie Morton, by and through his undersigned attorneys, hereby files his Memorandum of Law in Support of His Response in Opposition to Defendant, Mark J. Molz's Motion for Dismissal of Plaintiff's Second Amended Civil Action Complaint.

### I.   INTRODUCTION

This is an action sounding in professional negligence against Defendant-Attorney, Mark J. Molz for his negligent handling of Plaintiff's Underlying Legal Matter – namely his unauthorized withdraw from the Underlying Legal Matter, leaving his client unrepresented while incarcerated and unable to find alternative representation. *See generally* Pl. Sec. Amend. Comp. (Doc. No. 12).

### II.   OPERATIVE FACTS

In or about 2009, Plaintiff was serving a sentence in Camden County Correctional

Facility and was scheduled to be released to a re-entry facility of Plaintiff's choice in 2011. *See* Pl. Sec. Amend. Comp., ¶ 1. Prior to his scheduled release to a re-entry facility, Plaintiff secured full- time employment with SABS Auto Repair on the condition that Plaintiff obtain his General Education Development certificate ("GED") prior to the end of 2011. *See* Pl. Sec. Amend. Comp., ¶ 2. Plaintiff only needed to complete the math portion of the GED program in order to obtain his GED. *See* Pl. Sec. Amend. Comp., ¶ 2.

Plaintiff was transferred to the Kintock Group, a re-entry facility, in or around May 2011. *See* Pl. Sec. Amend. Comp., ¶ 3. Plaintiff chose to be transferred to the Kintock Group because Kintock Group promoted and/or advertised that Kintock Group provided residents the ability to complete the GED program. *See* Pl. Sec. Amend. Comp., ¶ 3. However, after being transferred to the Kintock Group, the facility director informed Plaintiff that Kintock Group would not allow him to leave the facility to take the GED test and would not provide certified teachers for Plaintiff to take the GED test at the facility. *See* Pl. Sec. Amend. Comp., ¶ 4. Upon information and belief, the Kintock Group must offer individuals the ability to obtain GEDs on their premises per the terms of their contract with the State of New Jersey; a requirement of the State for the facility to obtain funding as qualified re-entry facility. *See* Pl. Sec. Amend. Comp., ¶ 5. As a result of Kintock Group's failure to provide Plaintiff the opportunity to take the GED test, Plaintiff lost his employment which depended on Plaintiff completing the GED test by December 31, 2011. *See* Pl. Sec. Amend. Comp., ¶ 6.

Upon being released from the facility in January 2012, Plaintiff retained Moving Defendant, Defendant-Attorney Mark. J. Molz to bring a lawsuit against the Kintock Group for the loss of his employment. *See* Pl. Sec. Amend. Comp., ¶ 7. Plaintiff signed a fee agreement with Defendant. *See* Pl. Sec. Amend. Comp., ¶ 1; *see also,* Pl. Sec. Amend. Comp., Exhibit A.

**Plaintiff paid Defendant an initial retainer of $2,500** to cover investigation costs and agreed that Defendant would be entitled to a contingent fee. *See* Pl. Sec. Amend. Comp., ¶ 8 (emphasis added); *see also,* Pl. Sec. Amend. Comp., Exhibit A. The fee agreement is *not* an agreement for Defendant to perform an investigation, but instead is an agreement for Defendant to "represent [Plaintiff] with respect to all claims". *See* Pl. Sec. Amend. Comp., ¶ 8; *see also,* Pl. Sec. Amend. Comp., Exhibit A, Paragraph 3. Further, the agreement references "win[ing] the case" and "services performed after final judgment." *See* Pl. Sec. Amend. Comp., ¶ 8; *see also,* Pl. Sec. Amend. Comp., Exhibit A. The Statute of Limitation for underlying case expired September 1, 2013. *See* Pl. Sec. Amend. Comp., ¶ 9.

In June 2013, Plaintiff was arrested and incarcerated in Pennsylvania as a result of Plaintiff's loss of employment; i.e. had Plaintiff obtained his GED, Plaintiff would not have committed the criminal acts leading to his arrest and incarceration. *See* Pl. Sec. Amend. Comp., ¶ 10. Plaintiff wrote to Defendant on several occasions to inform Defendant (a) that Plaintiff was incarcerated in Pennsylvania; (b) how to reach Plaintiff during his incarceration; and, (c) remind Defendant that the Statute of Limitations was quickly approaching. *See* Pl. Sec. Amend. Comp., ¶ 11.

On or about August 14, 2013, Defendant filed Plaintiff's Civil Action Complaint against Kintock Group (Civil Action No. CUM-L-000054-15). *See* Pl. Sec. Amend. Comp., ¶ 12. However, Defendant did not serve the Complaint on any Defendant. *See* Pl. Sec. Amend. Comp., ¶ 12. In failing to serve the Complaint on any Defendant, Defendant violated New Jersey Rule of Professional Conduct 1.1, which states: "[a] lawyer shall not: (a) Handle or neglect a matter entrusted to the lawyer in such manner that the lawyer's conduct constitutes gross negligence." *See* Pl. Sec. Amend. Comp., ¶ 13.

On or about September 24, 2013, Defendant sent a letter to Plaintiff, while Plaintiff was in prison. *See* Pl. Sec. Amend. Comp., ¶ 14; *see also* Pl. Sec. Amend. Comp., Exhibit B. The letter stated that Defendant had filed the underlying Complaint *pro se* on behalf of Plaintiff and that Plaintiff had to serve the Complaint himself even though the Complaint then needed to be re-instated prior to any service. *See* Pl. Sec. Amend. Comp., ¶ 14; *see also* Pl. Sec. Amend. Comp., Exhibit B. In waiting 41 days to send Plaintiff the letter, Defendant violated New Jersey Rule of Professional Conduct 1.3, which states: "[a] lawyer shall act with reasonable diligence and promptness in representing a client." *See* Pl. Sec. Amend. Comp., ¶ 15. At the time of the letter, Defendant had a contractual agreement to represent Plaintiff in the Underlying Matter. *See* Pl. Sec. Amend. Comp., ¶ 16; *see also* Pl. Sec. Amend. Comp., Exhibit A. At the time of the letter, Defendant was aware that Plaintiff was incarcerated. *See* Pl. Sec. Amend. Comp., ¶ 17; *see also* Pl. Sec. Amend. Comp., Exhibit B.

Defendant intentionally, recklessly, and/or negligently failed to enter their appearance on behalf of Plaintiff, appropriately serve the complaint on all relevant parties, and appropriately prosecute the matter. *See* Pl. Sec. Amend. Comp., ¶ 18. Instead, without legal authority or leave of the Court, Defendant withdrew from their representation and filed the Complaint *pro se*. *See* Pl. Sec. Amend. Comp., ¶ 18. Instead, Defendant should have appropriately filed the Complaint with the Court with the Complaint listing Defendant as Plaintiff's attorneys, appropriately served the complaint on all relevant parties, and then, if they so chose, sought leave of the Court to withdraw. *See* Pl. Sec. Amend. Comp., ¶ 19. In withdrawing his representation of Plaintiff without leave of Court, Defendant violated New Jersey Rule of Professional Conduct 1.16(c), which states: "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. *See* Pl. Sec. Amend. Comp., ¶ 20.

Further, in withdrawing his representation of Plaintiff without leave of Court, Defendant violated New Jersey Rule of Professional Conduct 1.16(d), which states: "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, *such as giving reasonable notice to the client, allowing time for employment of other counsel.*" *See* Pl. Sec. Amend. Comp., ¶ 21.

Finally, in withdrawing his representation of Plaintiff for any alleged failure of Plaintiff (denied), Defendant violated New Jersey Rule of Professional Conduct 1.16(d), which states the attorney must "given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" prior to the withdrawal. *See* Pl. Sec. Amend. Comp., ¶ 22.

Defendant's suggestion that Plaintiff made the representation "unreasonably difficult" due to Plaintiff's incarceration is belayed by the countless attorneys who represent incarcerated individuals in this District. *See* Pl. Sec. Amend. Comp., ¶ 23.

As a result of Defendant improper withdrawal from the matter, the Underlying Matter was terminated in January 2016. *See* Pl. Sec. Amend. Comp., ¶ 24. Upon information and belief, the Underlying Matter was dismissed for failure to serve the Complaint on the underlying parties within the statute of limitations and/or for failure to prosecute the matter. *See* Pl. Sec. Amend. Comp., ¶ 24. As a further result of Defendant' actions and inactions, Plaintiff was financially harmed. *See* Pl. Sec. Amend. Comp., ¶ 25. Specifically, Plaintiff lost the Underlying Lawsuit in which Plaintiff would have been successful but for the professional malpractice, negligence, and breach by Defendant and would have recovered an amount in excess of $75,000 – representing the increased income over Plaintiff's career for an individual with a GED. *See* Pl. Sec. Amend. Comp., ¶ 25.

### III. ARGUMENT

#### A. THE COMPLAINT SUFFICIENTLY STATES A CLAIM FOR MALPRACTICE

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Reversing the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United States Supreme Court in *Twombly* and *Iqbal* (in accord with *Phillips*) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1955 (2009)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (C.A.3 2008).

*Fowler* reiterated the appropriate Motion to Dismiss standard, as elucidated in *Phillips*, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, *under **any** reasonable reading of the Complaint*, the plaintiff *may* be entitled to relief." *Fowler*, supra (quoting *Phillips*, at 233) (emphasis added). "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[1] <u>Fowler</u> (citing *Twombly*, at 564, n.8).

---

[1]  
| | | |
|---|---|---|
| Mr. Sharp: | | It's a conclusory fact. |
| Justice Breyer: | | Well, it's a fact. They sat in their view -- |
| Mr. Sharp: | | It's a conclusion. |
| Justice Breyer: | | All right. I don't know what a conclusory fact is as opposed to a regular fact. |

"Even post-*Twombly*, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" *Fowler*, supra (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 231 2671 (W.D. Pa. 2008); *Phillips*, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Montville Twp. v. Woodmont Builders LLC*, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting *Twombly*, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Fowler*, supra "…[S]tandards of pleadings are not the same as standards of proof." *Id*. "It is axiomatic that the standards for dismissing claims under Fed.R.Civ.P. 12(b)(6) and granting judgment under either Fed.R.Civ.P. 50 or Fed.R.Civ.P. 56 are vastly different." *Id.* at 213. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Id.* (quoting *Twombly*, at 556).

Here, when applying the correct standard, Plaintiff's First Amended Complaint is sufficiently specific and Defendant's Motion should be denied. In order to establish a claim for malpractice, a Plaintiff must plead factual allegations, when taken as true in the light most favorable to the plaintiff, that:

(1)     the existence of an attorney-client relationship;

---

*Dart Cherokee Basin Operating Co. v. Owens*, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

>    (2)   attorney breached the duty of care owed to his client;
>
>    (3)   actual damages were incurred; and,
>
>    (4)   the attorney's breach was the proximate cause of the damages incurred.

*See Sommers v. McKinney,* 287 N.J. Super 1, 10 (App. Div. 1996).

Plaintiff has set forth sufficient allegations that, under the above correct standard, support the existence of an attorney-client relationship. *See* Pl. Sec. Amend. Comp., ¶ 12. *See also* Pl. Sec. Amend. Comp., Exhibit A. Exhibit A, attached to Plaintiff's Second Amended Complaint, is the retainer agreement entered into by Plaintiff and Defendant establish an attorney-client relationship. The fee agreement is *not* an agreement for Defendant to perform an investigation, but instead is an agreement for Defendant to "represent [Plaintiff] with respect to all claims". *See* Exhibit A, Paragraph 3. Further, the agreement references "win[ing] the case} and "services performed after final judgment." *See* Exhibit A.

Plaintiff has set forth sufficient allegations that, under the above correct standard, support the Defendant's breach of the duty of care he owed to his client, Plaintiff. *See* Pl. Sec. Amend. Comp., ¶¶ 13-29. *See also* Operative Facts section above. Simply put, despite being engaged and paid, [2] Moving Defendant filed his client's complaint *pro se* and did not provide any further representation.

Plaintiff has set forth sufficient allegations that, under the above correct standard, support actual damages were incurred and were proximately caused by the attorney's breach. *See* Pl. Sec. Amend. Comp., ¶ 29. Plaintiff lost his full-time employment with SABS Auto Repair because of the Underlying Defendant's refusal to provide Plaintiff with the ability to obtain his General Education Development certificate ("GED"), despite previously advertising that he could prior to

---

[2]   Plaintiff specifically pleads that he paid Moving Defendant $2,500 for the engagement. Pl. Sec. Amend. Comp., ¶ 12.

Plaintiff choosing to be housed at the Underlying Defendant's half-way house. *See* Pl. Sec. Amend. Comp., ¶¶ 2-6. Had Defendant not abandoned Plaintiff and his matter, Plaintiff would have been successful in the Underlying Matter. *See* Pl. Sec. Amend. Comp., ¶ 29.

As Plaintiff has set forth sufficient allegations that, under the above correct standard, support each element of legal malpractice, the complaint sufficient states a claim for malpractice and Defendant, Molz's Motion for Dismissal of Plaintiff's Second Amended Civil Action Complaint should be denied.

### i. ATTORNEY MOLZ'S AFFIDAVIT SHOULD NOT BE CONSIDERED.

Generally, a Rule 12(b)(6) motion relies on the operative complaint and any documents attached to the operative complaint. *See CitiSteel USA Inc. v. GE,* 78 F. App'x 832, 835 (3d Cir. 2003). Additionally, the Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id. See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (an exception to the general rule is that a "document *integral to or explicitly relied* upon in the complaint" may be considered) (emphasis in original) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996).).

Here, the Court should not consider Defendant, Moltz's Affadavit. The Moltz Affadavit is (a) not attached to Plaintiff's Second Amended Complaint; (b) not a document on which Plaintiff "explicitly relied" upon in his Second Amended Complaint; and (c) not integral to Plaintiff's Second Amended Complaint. *See* Pl. Sec. Amend. Comp. Instead, Defendant Moltz attempts to insert "facts" into the Courts' consideration that are not in evidence or the court record, nor have been subjected to examination by Plaintiff's counsel.

Further, The Moltz Affadavit *contradicts* Plaintiff's Second Amended Complaint. *Compare* Affidavit of Mark J. Moltz *with* Pl. Sec. Amend. Comp. By relying on Plaintiff's Second Amended Complaint, Defendant, Moltz seeks for this Court to put aside appropriate Motion to Dismiss standard, in particular the requirement to "accept all factual allegations as true". *Fowler*, supra (quoting *Phillips*, at 233).

For example, Plaintiff specifically pleds that he paid an initial retainer of $2,500. *See* Pl. Sec. Amend. Comp., ¶ 8; *see also,* Pl. Sec. Amend. Comp., Exhibit A. Conversely, Defendant Moltz alleges that the fee was for investigation and was not paid. Affidavit of Mark J. Moltz, ¶ 6-7. The Court cannot accept Moltz's contradictions while accepting all factual allegations in Plaintiff's Second Amended Complaint as true.

The Court should not consider Defendant, Moltz's Affadavit; but instead, should "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, *under **any** reasonable reading of the Complaint*, the plaintiff *may* be entitled to relief."  *Fowler*, supra (quoting *Phillips*, at 233) (emphasis added).

### B. AMOUNT IN CONTROVERSY

The amount in controversy is greater than $75,000. Dismissal of a diversity action is warranted when it is a "legal certainty" that the claim is for less than the jurisdictional minimum. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 58 S. Ct. 586, 590 (1938). Here, Plaintiff's damages exceed $75,000 and Defendants cannot state with "legal certainty" that Plaintiff's damages are less than $75,000. Due to the actions and/or inactions of the Underlying Defendant, Plaintiff lost his "secured *full-time employment* with SABS Auto Repair" because of the Underlying Defendant's refusal to provide Plaintiff with the ability to obtain his General Education Development certificate ("GED"). *See* Pl. Sec. Amend. Comp., ¶¶ 2-6 (emphasis

added). With the loss of his secured employment following leaving the re-entry facility, Plaintiff was unable to find employment and eventually was re-incarcerated. Plaintiff's re-incarceration would not have occurred if he had been employed; i.e. if he had obtained his GED. *See* Pl. Sec. Amend. Comp., ¶ 14. For this reason, Moving Defendant's attempts to point at Plaintiff's incarceration as as a bar to recovery in the Underlying Matter are misplaced; the incarceration is a result of the Underlying Defendant's failure.

## C.  ALLOWANCE TO AMEND PLEADING

A Plaintiff should be provided an opportunity to file an amended complaint if it appears that the deficiencies can be corrected. *Twombly*, supra. *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, *In re Spree.com Corp.*, 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); *Fowler*, supra. ("we note that the District Court *inexplicably* foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, even if not requested. *Adams v Gould, Inc.*, 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); *Arthur V. Maersk, Inc.*, 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one

year after initiation); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); *Estate of Frank P. Lagano v. Bergen County Prosecutor's Office,* No. 13-3232 (C.A.3. 2014) (citing *Alston v. Parker*, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. *Lorenz*, *supra.* "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies. *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 244-245 (C.A.3 2014) (citing *Krantz v. Prudential Investments Fund Management, LLC*, 144 F.3d 140, 144 (C.A.3 2002).

## IV.    CONCLUSION

When applying the correct standard, Plaintiff's Second Amended Complaint is sufficiently specific and Defendant's Motion should be denied.  In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

**WHEREFORE,** Plaintiff, Ronnie Morton, by and through his undersigned attorneys, respectfully requests this Honorable Court deny Defendant, Mark J. Molz's Motion for Dismissal of Plaintiff's Second Amended Civil Action Complaint and enter the proposed Order attached hereto.

                **WEISBERG LAW**

                 */s/ Matthew B. Weisberg*
                Matthew Weisberg, Esquire
                Attorney Id. No.: 015652000
                7 South Morton Ave.
                Morton, PA 19070
                610-690-0801
                Fax: 610-690-0880
                *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONNIE MORTON<br>1826 N. 28th Street<br>Philadelphia, PA 19121 | : <br> : <br> : <br> : | NO.:   17-1799 |
| Plaintiff, | : <br> : | |
| viii. | : <br> : | |
| MARK J. MOLZ, ESQUIRE<br>d/b/a MARK MOLZ LAW OFFICE<br>1400 Route 38 East<br>Hainesport, NJ 08036 | : <br> : <br> : <br> : <br> : | JURY TRIAL OF TWELVE DEMANDED |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 2nd day of October, 2017, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant, Mark J. Molz's Motion for Dismissal of Plaintiff's Second Amended Civil Action Complaint, and Plaintiff's Memorandum of Law in Support thereof, was served via ECF upon the following party:

Mark J. Molz, Esquire
1400 Route 38 East
P.O. Box 577
Hainesport, NJ 08036

**WEISBERG LAW**

 */s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
*Attorneys for Plaintiff*