# LAW OFFICE OF CHARLES N. RILEY, LLC
## ATTORNEY AT LAW

900 N. Kings Highway, Suite 308
Cherry Hill, New Jersey 08034
Telephone: (856) 667-4666
Facsimile: (856) 667-7215
criley@rileysandilos.com

March 26, 2018

Matthew Weisberg, Esq.
7 S. Morton Ave.
Morton, PA 19070

Re:   **Morton v. Molz**
      **1:17-1799**

Dear Mr. Weisberg:

  This is a preliminary report in the above matter based on my review of the Second Amended Complaint (SAC), defendant's motion to dismiss (MTD) and exhibits attached to both pleadings.

  Mr. Morton contends that he entered into a fee agreement ( Ex. A of SAC) with Mr. Molz on a contingent fee basis on January 10, 2013 wherein he paid Mr. Molz $2500. Mr. Molz disputes this payment. However the $2500 is a fee for investigation, not costs, and the agreement does not indicate that the contract is contingent on Mr. Morton making payment on any set date. The agreement clearly obligates Mr. Molz to represent him in an action against the Kintock Group for failing to give Mr. Morton classes for his GED. The agreement also provides that "Client will settle upon advice of counsel." and " Case cannot be tried due to criminal record."

  Mr. Morton is apparently incarcerated in April 2013 and Mr. Molz is made aware of same. Mr. Molz writes to him on May 17, 2013 (Ex. 5 of MTD) stating the complaint has not been filed yet but continues to represent him. The letter does not mention the $2500 which lends credence to Mr. Morton's claim that he paid Mr. Molz that amount previously. The letter does not discuss termination of representation and would lead a lay person to believe that a complaint will be filed.

  On August 13, 2013, Mr. Molz files a complaint in Mr. Morton's name on the eve of the statute of limitations, September1, 2013.  Mr. Molz then sends the complaint and a summons to him in prison on September 24, 2014 stating he will no longer be Mr. Morton's lawyer. (Ex. 6, MTD). It does not appear that Mr. Molz terminated representation prior thereto nor requested permission from the court to do so knowing that Mr. Morton was still in prison. It does not appear from the pleadings that Mr. Molz did any work on Mr. Morton's case other than signing the fee agreement and accepting, as alleged by Mr. Morton, $2500. Similar to Mr. Molz's letter of May 17, 2013, there is no mention that Mr. Molz is claiming he was not paid $2500. He only asks for the $200 filing fee.

  Further, in the MTD, Mr. Molz states  that Mr. Morton had no damages against Kintock for not having his GED. Molz Affidavit, #19-21.

Accordingly, I would await further discovery before rendering a final report. However, in my opinion, there is a probability, within a reasonable degree of certainty, that Mr. Molz failed to exercise the skill and care required of him in representing Mr. Morton and his conduct fell outside acceptable professional standards of care in this representation. First, he apparently did not exercise due diligence in filing the complaint or investigating the matter. Second, he waited until the eve of the statute of limitations to file a complaint but did not do so in his own name. With his client in prison at this juncture, the acceptable practice would have been to file the complaint himself, serve the summons ( which Mr. Morton alleges he promised to do) and then ask the court for permission to withdraw from the case in view of his client's essential disability to litigate since he was in prison or obtain his client's consent. Rather, he abandoned Mr. Morton while he was in a precarious position. He intentionally avoided having to ask the Court for permission to withdraw from representation by filing the complaint pro se nor did he seek his client's permission to file the complaint pro se.

In addition, Mr. Molz's fee agreement appears to indicate that he never intended to represent Mr. Morton but intended to get paid $2500 for an alleged "investigation" which did not occur. Mr. Molz claims Mr. Morton has no damages, and his statements inserted in the fee agreement that "Client will settle upon advice of counsel." and " Case cannot be tried due to criminal record " substantiate that Mr. Molz did not intend to litigate this matter but was attempting to gain $2500 for a matter that he now claims is frivolous. Looking at the entire record provided so far, it appears that Mr. Molz was fraudulently inducing Mr. Morton to pay him $2500 to do essentially nothing—there was never going to be any meaningful litigation against Kintock.

In my opinion, all of his conduct violated the professional standards of care as enumerated in the Second Amended Complaint.

Very truly yours,

Charles N. Riley

CNR/kl
Enclosure

Cc:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNIE MORTON<br>1826 N. 28th Street<br>Philadelphia, PA 19121<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARK J. MOLZ, ESQUIRE<br>d/b/a MARK MOLZ LAW OFFICE<br>1400 Route 38 East<br>Hainesport, NJ 08036<br><br>　　　　　Defendant. | NO.:   17-1799-JHR-KMW<br><br><br>Civil Action |

## AFFIDAVIT OF MERIT PURSUANT TO N.J.S.A. 2A: 53A-27

I, Charles N. Riley, Esquire, being of full age, duly sworn according to law hereby states under oath:

1. I am an attorney at law and have been duly admitted to practice in the State of New Jersey since December 1973. I devote a substantial portion of my professional practice to the substantive area of law involved in this action. I have been so engaged for at least five (5) years prior to the date of this affidavit

2. Based upon my review of the Second Amended Complaint and several filings in this Court related to the above-captioned matter, I hereby state, pursuant to N.J.S.A. 2A: 53A-27, that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the practice or work of the Defendant in representation of the named Plaintiff, and which is the subject of the Second Amended Complaint, fell outside acceptable professional standards of care, customs, and practice.

3. I have no financial interest in the outcome of this case.

_____
CHARLES N. RILEY, ESQUIRE

Date: 3/26/18

State of: New Jersey
County of: Camden
The foregoing document was acknowledged before me 26 day of MARCH, 2018.

_____
Sara J Lewis
Notary Public
My Commission Expires 4/9/19



**NOTICE**

If any Defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit statute (N.J.S.A. 2A: 53A-26 et seq.) in any way, demand is hereby made that the Defendant immediately notify the Plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraint of N.J.S.A. 2A: 53A-26, et seq.

